## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

ANNA VASQUEZ,
  *Plaintiff(s),*

  v.

DAVID GARCIA,
  *Defendant.*

No. 3:17-cv-852 (VAB)

### RULING AND ORDER ON MOTION FOR SUMMARY JUDGMENT

Anna Vasquez ("Plaintiff") sued David Garcia ("Defendant") under 42 U.S.C. § 1983,

alleging violations of her substantive due process rights under 42 U.S.C. § 1983 and for

negligent infliction of emotional distress and assault under Connecticut law.

Mr. Garcia has moved to for summary judgment.

For the following reasons, Mr. Garcia's motion for summary judgment is **GRANTED.**

Ms. Vasquez's Section 1983 claims are dismissed as a matter of law and the Court

declines to exercise supplemental jurisdiction over her remaining state law claims, resulting in

the closing of this case.

## I.  FACTUAL AND PROCEDURAL BACKGROUND

### A.  Factual Allegations

This case arises out of a series of text messages sent from Mr. Garcia, an officer and a

detective in the Bridgeport Police Department, to Ms. Vasquez between February 26, 2015, and

April 19, 2016. Def. Statement of Material Fact, ECF No. 34-1 ¶ 1 (Apr. 12, 2019) ("Def.

SMF"); Pl. Statement of Facts in Opposition, ECF No. 38 ¶ 1 (May 20, 2019) ("Pl. SMF");

Compl., ECF No. 1 ¶ 5 (May 23, 2017).

At some point before February 2015, Ms. Vasquez filed a larceny complaint with the Bridgeport Police Department. Pl. Additional Material Facts, ECF No. 38 at 5 (May 20, 2019) ("Pl. Additional Facts"). Mr. Garcia, in his capacity as detective for the Bridgeport Police Department, investigated it. During the course of this investigation, Mr. Garcia and Ms. Vasquez "had numerous conversations." *Id*. Ms. Vasquez had asked for Mr. Garcia's help because they had socialized together previously. Def. SMF ¶ 5; Pl. SMF ¶ 5. Ms. Vasquez's then boyfriend was a close friend of Mr. Garcia. Def. SMF ¶ 2; Pl. SMF ¶ 2.[1]

On March 4, 2016, by text message, Ms. Vasquez asked Mr. Garcia "to inquire about items taken from here that [were] being investigated by the defendant." Pl. Additional Facts at 5. Mr. Garcia told her that he would call in an hour. *Id*. Between March 4 and March 5 of 2016, Mr. Garcia, however, sent a series of graphic and sexual texts to Ms. Vasquez. Def.'s Exhibit A, ECF No. 34-2 at 2 (Apr. 12, 2019) ("Def. Exh. A"). [2] The content of these text messages "did not mention, refer, or to relate [sic] to any police business or investigation." Def. SMF ¶ 6.

At the time of these messages, Ms. Vasquez lived in New Haven, Connecticut, rather than Bridgeport, Connecticut. Def. SMF ¶ 9; Pl. SMF ¶ 9. Mr. Garcia, however, did not know that she had moved to New Haven. *Id*. After receiving the graphic and sexual text messages, Ms. Vasquez felt offended, scared, embarrassed and disrespected. Pl. SMF ¶ 8.

---

[1] Ms. Vasquez had a child with Mr. Garcia's close friend and believed Mr. Garcia to be her then boyfriend's cousin. *Id*. Ms. Vasquez's relationship with Mr. Garcia's close friend ended in the early summer of 2015. Def. SMF ¶ 4; Pl. SMF ¶ 4.

[2] The text messages allegedly sent on February 25, 2016, have not been recovered. Def. Mem. at 2. The text messages allegedly contained sexually suggestive texts from Ms. Vasquez and were followed by "a sexually-charged telephone conversation." *Id*. at 2-3.

### B. Procedural History

On May 23, 2017, Ms. Vasquez filed this Complaint, alleging violations of 42 U.S.C. § 1983, negligent infliction of emotional distress, and civil assault. Compl., ECF No. 1 (May 23, 2017). She also filed a motion for leave to proceed *in forma pauperis*. Mot. to Proceed *In Forma Pauperis*, ECF No. 2 (May 23, 2017).

On May 24, 2017, the Court referred the case to Magistrate Judge William I. Garfinkel to review the motion for leave to proceed *in forma pauperis*. Order, ECF No. 6 (May 24, 2017). Judge Garfinkel granted the motion on May 25, 2018. Order, ECF No. 7 (May 25, 2017).

On August 10, 2017, Mr. Garcia timely filed an Answer. Answer, ECF No. 14 (Aug. 10, 2017).

On November 9, 2018, the Court held a post-discovery telephonic status conference. Minute Entry, ECF No. 24 (Nov. 9, 2018).

On April 12, 2019, Mr. Garcia timely filed a motion for summary judgment and a memorandum in support of his motion. *See* Mot. for Summary Judgment, ECF No. 33 (Apr. 12, 2019); Def.'s Mem., ECF No. 34 (Apr. 12, 2019); Def. SMF.

On May 20, 2019, Ms. Vasquez filed a timely memorandum in opposition to Mr. Garcia's motion, a counter statement of material facts, and supporting exhibits. *See* Pl.'s Mem. in Opp., ECF No. 37 (May 20, 2019) ("Pl.'s Opp."); Pl. SMF; Pl.'s First Exhibit – Vasquez Deposition, ECF No. 39 (May 20, 2019) ("Pl. Vasquez Dep."); Pl.'s Second Exhibit – Garcia Deposition, ECF No. 40 (May 20, 2019) ("Garcia Dep.").

On November 26, 2019, the Court held a motion hearing on the motion for summary judgment. Minute Entry, ECF No. 44 (Dec. 2, 2019).

## II. STANDARD OF REVIEW

A motion for summary judgment will be granted if the record shows no genuine issue as to any material fact, and the movant is "entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of establishing the absence of a genuine dispute of material fact. *Celotex Corp. v. Cartrett*, 477 U.S. 317, 323 (1986). The non-moving party may defeat the motion by producing sufficient specific facts to establish that there is a genuine issue of material fact for trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

"[T]he mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Id.* at 247–48. The moving party may satisfy this burden by pointing out to the district court an absence of evidence to support the nonmoving party's case. *See PepsiCo, Inc. v. Coca-Cola Co.*, 315 F.3d 101, 105 (2d Cir. 2002) (per curiam).

When a motion for summary judgment is supported by documentary evidence and sworn affidavits and "demonstrates the absence of a genuine issue of material fact," the nonmoving party must do more than vaguely assert the existence of some unspecified disputed material facts or "rely on conclusory allegations or unsubstantiated speculation." *Robinson v. Concentra Health Servs., Inc.*, 781 F.3d 42, 44 (2d Cir. 2015) (citation omitted). The party opposing the motion for summary judgment "must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Id.*; *see also Atkinson v. Rinaldi*, 3:15-cv-913 (DJS), 2016 WL 7234087, at *1 (D. Conn. Dec. 14, 2016) (holding nonmoving party must present evidence that would allow reasonable jury to find in his favor to defeat motion for summary judgment); *Pelletier v. Armstrong*, 3:99-cv-1559 (HBF), 2007 WL 685181, at *7 (D. Conn. Mar. 2, 2007) ("[A] nonmoving party must present 'significant probative evidence to

create genuine issue of material fact.'") (quoting *Soto v. Meachum*, 3:90-cv-270 (WWE), 1991 WL 218481, at *6 (D. Conn. Aug. 28, 1991)).

A court must view any inferences drawn from the facts in the light most favorable to the party opposing the summary judgment motion. *Dufort v. City of New York*, 874 F.3d 338, 343 (2d Cir. 2017). A court will not credit conclusory allegations or denials. *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011). After drawing all inferences in favor of the non-moving party, if the court finds that no reasonable trier of fact could find in the non-movant's favor and the moving party is entitled to judgment as a matter of law, the court will grant the summary judgment motion. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587-88 (1986).

## III.  DISCUSSION

### A.  The Section 1983 Claims

"Section 1983 provides a federal remedy for 'the deprivation of any rights, privileges, or immunities secured by the Constitution and laws'" by a person acting under the color of state law. *Golden State Transit Corp. v. City of Los Angeles*, 493 U.S. 103, 105 (1989) (quoting 42 U.S.C. § 1983); *see also Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (stating that section 1983 "provides 'a method for vindicating federal rights elsewhere conferred,' including under the Constitution") (quoting *Baker v. McCollan*, 443 U.S. 147, 144 n.3 (1979)). "Section 1983 does not itself grant substantive rights; rather it provides 'a method for vindicating federal rights elsewhere conferred.'" *Williams v. City of New York*, 2006 WL 2668211, at *26 (E.D.N.Y. Sept. 11, 2006) (quoting *Patterson*, 375 F.3d at 225).

"The first inquiry in any § 1983 suit…is whether the plaintiff has been deprived of a right 'secured by the Constitution and laws.'" *Baker*, 443 U.S. at 140 (quoting 42 U.S.C. § 1983). The

second inquiry is whether the plaintiff has shown that "[t]he conduct at issue '[was] committed by a person acting under color of state law.'" *Cornejo*, 592 F.3d at 127 (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)). Related to the second inquiry, the Complaint must indicate that the challenged action was "fairly attributable to the State." *Lugar v. Edmonson Oil Co.*, 457 U.S. 922, 936-37 (1982).

Because the threshold issue is whether Mr. Garcia was acting under color of law when he sent these text messages to Ms. Vasquez, the Court will address this issue first and then, only if necessary, address the validity of her substantive claims.

### 1. The Color of Law Issue

In a Section 1983 action, a court must determine "(1) whether the conduct complained of was committed by a person acting under color of state law; and (2) whether this conduct deprived a person of rights, privileges, or immunities secured by the Constitution or the laws of the United States." *Parratt v. Taylor*, 451 U.S. 527, 535 (1981), *overruled on other grounds by Daniels v. Williams*, 474 U.S. 327 (1986). "To act under color of state law or authority for purposes of section 1983, the defendant must have exercised power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law." *Monsky v. Moraghan*, 127 F.3d 243, 245 (2d Cir. 1997) (quoting *West v. Atkins*, 487 U.S. 42, 49 (1988) (internal quotation marks omitted); *see also U.S. v. Tarpley*, 945 F.2d 806, 809 (5th Cir. 1991) (a "[m]isuse of power, possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law is action taken under color of state law…[a]cts of officers who undertake to perform their official duties are included whether they hew to the line of their authority or overstep it." (citations omitted)).

Ms. Vasquez alleges that Mr. Garcia was acting under the color of law when he sent her the graphic text messages. Pl.'s Opp. at 6. She argues that the information about her case was a ruse to get her number from a mutual acquaintance and that he was working as a police officer at the time. *Id*. at 7. Ms. Vasquez also argues, that while acting under the color of law, Mr. Garcia created a hostile work environment and violated Ms. Vasquez's "substantive due process right to bodily integrity." *Id*. at 9.

Mr. Garcia argues that "[h]e was off duty, was never in uniform, and per plaintiff's own testimony, did not discuss police work in general or her 'case' in particular[]" when he sent the text messages. Def.'s Mem. at 8. In his view, his drunken text messages were "within the ambit of [the officer's] personal pursuits and [was] not done under pretense of law." *Id*. (internal quotation marks and citations omitted).

The Court agrees.

The focus of a color of law inquiry is "whether there was an abuse or misuse of power conferred upon [an officer] by state authority." *Pitchell v. Callan*, 13 F.3d 545, 549 (2d Cir. 1994); *see Jocks v. Tavernier*, 316 F.3d 128, 134 (2d Cir. 2003) ("We have no doubt that when an officer identifies himself as a police officer and uses his service pistol he acts under color of law."); *see also U.S. v. Walsh*, 194 F.3d 37, 51 (2d Cir. 1999) (finding the defendant was acting under the color of law when "on duty and in full uniform, [ ] acting within his authority to supervise and care for inmates under his watch[,]" the defendant assaulted an inmate). "[W]hile it is clear that 'personal pursuits' of police officers do not give rise to section 1983 liability, there is no bright line test for distinguishing 'personal pursuits' from activities taken under color of law." *Id.* at 548.

Indeed, "liability may be found where a police officer, albeit off-duty, nonetheless invokes the real or apparent power of the police department." *Pitchell*, 13 F.3d at 548. ; *see Rivera v. La Porte*, 896 F.2d 691, 695-96 (2d Cir. 1990) ("The off-duty status of an arresting officer does not mean that he is not acting under color of law."). "In short, courts look to the nature of the officer's acts, not simply his duty status." *Id.*; *cf. Roe v. City of Waterbury*, 542 F.3d 31, 41 (2d Cir. 2008) ("An official acts within his official policymaking capacity when he acts in accordance with the responsibility delegated him under state law for making policy in that area of the municipality's business.").

Significantly, in *Pitchell*, an off-duty, drunken police officer who pointed a gun at another person "was not acting in accordance with a police regulation . . . nor was he invoking the authority of the police department as in the pretense of law cases." 13 F.3d at 548. The Second Circuit recognized that: "Although [that off-duty police officer] violated the law, he did so as a private citizen, not as a state actor." *Id.* Similarly, the Second Circuit recognized in *Roe* that: "an official acts wholly outside his official policymaking capacity when he misuses his power to advance a purely personal agenda." 542 F.3d at 41.

Here, the undisputed facts make clear the following: (1) Mr. Garcia was off-duty when he sent the graphic and sexual text messages to Ms. Vasquez, Def. Exhibit B – Garcia Affidavit, ECF No. 34-3 ¶ 14 (Apr. 12, 2019) ("Garcia Affidavit"), *see also* Def. Exhibit C – Vasquez Dep., ECF No. 34-4 at 38:17-39:6 (Apr. 12, 2019) ("Def. Vasquez Dep.") ("I would imagine that he was not working because [the text messages were sent] at night."); (2) Mr. Garcia had no authority from the Bridgeport Police Department to send graphic and sexual text messages to Ms. Vasquez, Garcia Affidavit ¶ 14 ; and (3) Mr. Garcia did not mention or otherwise refer to

himself as a police officer in any of the graphic and sexual text messages, Def. Exhibit A – Text Messages, ECF No. 34-2 (Apr. 12, 2019).

As a result, there is nothing in this record suggesting that Mr. Garcia invoked the name of the Bridgeport Police Department or his authority as a Bridgeport police officer in sending these text messages, much less indicate that Ms. Vasquez needed to respond to these text messages because he was a Bridgeport police officer. *Cf. Wahhab v. City of N.Y.*, 386 F. Supp. 2d 277, 289 (2d Cir. 2005) (denying summary judgment where relevant factors—whether the off duty officers identified themselves to plaintiff, whether the off duty officers used handcuffs, whether plaintiff knew the defendants were officers, and whether defendants engaged in any investigation of the commotion—created a genuine issue of material fact)  Moreover, there is nothing in this record indicating that Mr. Garcia had any authorization from anyone in the Bridgeport Police Department or the police regulations of the Bridgeport Police Department to send Ms. Vasquez these graphic and sexual text messages. *See Pitchell*, 13 F.3d at 548 (recognizing that officer was not a state actor when he "was not acting in accordance with a police regulation . . . nor was he invoking the authority of the police department as in the pretense of law cases.").

Accordingly, because Mr. Garcia was not acting under the color of law when he sent these text messages to Ms. Vasquez, Ms. Vasquez's section 1983 claims against him will be dismissed.

### 2. The Substantive Section 1983 Claims

Because the Court concludes that Mr. Garcia was not acting under the color of law, the Court need not and does not address the substance of her § 1983 claims. [3]

### B. State Law Claims

Because the Plaintiff's federal claims are dismissed, the Court declines to exercise supplemental jurisdiction over her state law claims. *See Kolari v. N.Y.-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("a district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction'" (citing 28 U.S.C. § 1367(c)(3))); *Castellano v. Bd. of Trustees*, 937 F.2d 752, 758 (2d Cir. 1991) (quoting *United Mine Workers v. Gibbs*, 383 U.S. 715, 726 (1991) ("[I]f the federal claims are dismissed before trial . . . , the state claims should be dismissed as well."); *see also* 28 U.S.C. § 1367(c)(3) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction.").

---

[3] Because a violation of a state constitutional right is not cognizable under § 1983, the Court would have had to decline reviewing her Section 1983 claim based on the Connecticut Constitution in any event. *See Raadvanksy v. City of Olmstead Falls*, 395 F.3d 291, 314 (6th Cir. 2005) ("[A] claimed violation of a state constitutional right is not cognizable under § 1983."); *Hansell v. Brazell*, 85 F. App'x 237, 238 (2d Cir. 2004) ("In order to seek redress through § 1983. . . , a plaintiff must assert the violation of a federal right, not merely a violation of federal law." (citing *Blessing v. Freestone*, 520 U.S. 329, 340 (1997)).

**IV.    CONCLUSION**

For the foregoing reasons, Mr. Garcia's motion for summary judgment is **GRANTED.**

Because Ms. Vasquez's's section 1983 claims are dismissed as a matter of law and the

Court declines to exercise supplemental jurisdiction over her remaining state law claims, the

Clerk of the Court is respectfully requested to enter judgment in favor of Mr. Garcia and to close

this case.

**SO ORDERED** at Bridgeport, Connecticut, this 16th day of December, 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE
